UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No:   13-30448

v.

FERNANDO CASTILLO

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>    (1)    The Government moved for detention at the Defendant's first appearance pursuant to:

  <u>XX</u>    18 U.S.C. § 3142(f)(1).

  __    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__    (1)    The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__ (2) The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

__ the date of conviction, **or**

__ the Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

XX for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

__ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that the Defendant will not appear.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

__	(2)	There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX	by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__	by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

__	both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically cocaine. I find that from review of the sworn Affidavit supporting the Complaint, there is a definite weight of evidence supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 28 years of age, and has no children. He has lived with his parents in the Pinconning area for the past 23 years. He last

worked at a pickle factory from 2006 until 2012. Prior to that, he worked in a meat market for two years.

Counsel emphasizes the Defendant's strong and supportive family ties. However, in spite of that support, in 2003 at the age of 18 the Defendant pled guilty to Delivery of Narcotics/Cocaine Less than 50 grams. He was sentenced to 3 months in jail and placed on 2 years probation. While on probation, in 2005 the Defendant pled guilty to Retail Fraud 3rd Degree and was sentenced to a brief period of incarceration. The Defendant's relevant criminal history also includes a second drug related conviction in 2009 for Delivery/Manufacture of 5-45 kilograms of Marijuana, as well as Habitual Offender Second. Defendant was sentenced to one year in jail and 5 years probation. Three months after being placed on probation, the Defendant was found guilty of an alcohol related probation violation. He was required to submit to random urinalysis, which he successfully completed. However, the incidents serving as the basis for the charge in the Complaint occurred hardly 3 months later.

Counsel for the Defendant points out that the Bail Reform Act makes explicit that Defendant enjoys the presumption of innocence at this stage, and that the representations proffered by the Government bear only on the question of bond. Counsel is, of course, correct. Counsel also requests that the Defendant be placed on bond in order to have the opportunity to answer the alleged probation violation that is expected as a result of this charge. Whether or not the State of Michigan initiates probation violation proceedings against the Defendant, however, I have an independent responsibility under the Bail Reform Act to take those actions necessary to reasonably assure the safety of the community. And I note that several circuits and numerous district courts have held that continued drug dealing, such as that shown here, constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger

and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002). Moreover, as well stated by the Second Circuit, "[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 98-99 (2d Cir. 1985).

Therefore, as I weigh these facts under the Bail Reform Act, I first conclude that the presumption in favor of detention has not been rebutted on the evidence presented. I next conclude that, even if the presumption had been rebutted, in light of the Defendant's continuing pattern of criminal behavior, there are no conditions nor any combination of conditions which would reasonably assure the safety of the community. In making this finding, I note counsel's request that the Defendant be placed on a GPS tether. However, this request must be denied, as under the court's present budget constraints, there are no funds for GPS tethers. More importantly, in light of the Defendant's criminal history, coupled with his failures to abide by conditions of probation, I conclude that a tether would not reasonably assure the safety of the community. Accordingly, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated

representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                         s/ *Charles E Binder*
                                         CHARLES E. BINDER
Dated: July 26, 2013                   United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Anca Pop and Charles Busse, and served on Pretrial Services and the U.S. Marshals Service by other electronic means.

Date: July 26, 2013                By     s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder